(60 Misc. Rep. 327.)

BRESLOFF v. JEWISH PROTECTORY & AID SOCIETY.

(Supreme Court, Special Term, New York County. August, 1908.)

REFORMATORIES (§ 10*)—DISCHARGE OF INMATE—RIGHTS OF PARENT.

The court will not exercise its power to order the restoration of a child to its parents, where the child has been committed for its reformation and such reformation has not yet been accomplished.

[Ed. Note.—For other cases, see Reformatories, Dec. Dig. § 10.*]

Application by Samuel Bresloff to order restoration of child committed to the Jewish Protectory & Aid Society. Application denied.

Samuel Saltzman, for petitioner.
Cornelius J. Sullivan, for defendant.

BISCHOFF, J. While the court has power to order the restoration of a child to his parents (Matter of Knowack, 158 N. Y. 482, 53 N. E. 676, 44 L. R. A. 699), the exercise of that power must depend upon the circumstances under which the child was committed. and where, as here, the commitment was for his reformation—not for his support because of the inability of the parents to maintain him—the question must be determined with reference to his conduct during the time of the commitment and the probability of his being actually reformed. The superintendent of the respondent institution, who has no interest to serve in keeping the boy from his parents if the contemplated reformation has really been accomplished, presents an affidavit in opposition to the application upon the merits, pointing to the boy's record for the year since he was committed, and expressing his opinion that a release should not be ordered at the present time. The commitment, which was made at the instance of the parents, was a reasonable step for the boy's best interests, and the present wishes of the parents, fortified by the boy's own promise to reform, do not suffice to meet the fact that the reform has not as yet taken place, according to the opinion of those who are in the best position to advise the court. The application is therefore denied.

Application denied.